IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH NORTHERN DIVISION

| | |
|---|---|
| **BYRD,**<br><br>Plaintiff,<br><br>v.<br><br>**INTERNAL REVENUE SERVICE,**<br><br>Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No. 1:21-cv-042-JNP-CMR<br><br>**District Judge Jill N. Parrish**<br><br>**Magistrate Judge Cecilia M. Romero** |

Plaintiff, Mr. Thomas Byrd, proceeding pro se and in forma pauperis, commenced this action in March of 2021 (ECF 1). The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) (ECF 14). Plaintiff has requested a status hearing and a monetary award to pay for partial filing fees (ECF 13). Prior to reaching Mr. Byrd's request, pursuant to 28 U.S.C. § 1915, the court recommends the case be dismissed.

## DISCUSSION

On April 6, 2021, Plaintiff filed a "Complaint by Prisoner Under the Civil Rights Act 42 U.S.C. § 1983" (Complaint) (ECF 4). In his Complaint, Plaintiff alleges the Internal Revenue Service (IRS) "has taken Coronavirus Aid [he] should have gotten" and "put it in the wrong account" (ECF 4). Mr. Byrd's Complaint also alleges he has contacted the IRS "over 5 times" (ECF 4).

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), the court may dismiss a case at any time if the action is frivolous or the complaint fails to state a claim upon which relief may be granted. Under Federal Rule of Civil Procedure 8, "a pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." FED. R. CIV.P. 8(a). As explained by the Tenth Circuit, compliance with rule 8 requires that a pleading set forth the court's jurisdiction and identify "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007). These requirements are designed to provide the opposing party with fair notice of the claims against it and allow the court to conclude that, if proven, the allegations show that plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Assn. of Kansas,* 891 F.2d 1473, 1480 (10th Cir. 1989) *citing Perington Wholesale Inc. v. Burger King Corp.,* 631 F.2d 1369, 1371 (10th Cir. 1979); *see also Nasious*, 492 F.3d 1163 (10th Cir. 2007) (a plain statement under rule 8 provides a Defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.")

Even reviewing Mr. Byrd's Complaint liberally, he fails to meet the basic rule 8 requirements. First, it is unclear from Mr. Byrd's Complaint what specific legal right was violated. At best, it appears Mr. Byrd is alleging a wrongful taking by the IRS and that the IRS is being unresponsive to his inquiries. However, Plaintiff has not alleged how the IRS may be violating his civil rights under section 1983, or any other cognizable federal claim. In sum, Plaintiff's bare Complaint does not shore up who did what, when, where, as required by Rule 8.

## RECOMMENDATION

Accordingly, the undersigned RECOMMENDS the District Court DISMISS Mr. Byrd's action without prejudice. Copies of the foregoing Report and Recommendation are being sent to

all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 28 July 2021.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah