FILED
2021 OCT 19 PM 12:36
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THOMAS BYRD,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>    Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 1:21-cv-00042-JNP-CMR<br><br>District Judge Jill N. Parrish |

Before the court is Plaintiff Thomas Byrd's ("Mr. Byrd") objection to Magistrate Judge Cecilia M. Romero's Report and Recommendation to dismiss this case without prejudice (ECF No. 15). ECF No. 16. For the following reasons, the court overrules Mr. Byrd's objection and adopts in full Judge Romero's Report and Recommendation.

## BACKGROUND

Mr. Byrd proceeds pro se and sues the Internal Revenue Service ("IRS") under 42 U.S.C. § 1983. ECF No. 4. In his complaint, Mr. Byrd alleges that he was entitled to payments of "Coronavirus Aid"—which presumably refers to the "Economic Impact Payments" ("EIPs") administered by the IRS pursuant to the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136 (2020), Coronavirus Response and Relief Supplemental Appropriations Act, 2021, Pub. L. No. 116-260 (2020), and American Rescue Plan Act of 2021, Pub. L. No. 117-2—but the IRS deposited the payments in the wrong account. *Id.* ("[T]hey put [it] in someone else['s] account with [his] name and social security #."). Mr. Byrd further alleges that he has written the IRS over five times and, thus, has exhausted every remedy available. *Id.*

On July 28, 2021, Judge Romero issued a Report and Recommendation that the action be dismissed without prejudice as frivolous and for failure to state a claim upon which relief may be granted. ECF No. 15. In particular, Judge Romero noted that "it is unclear from Mr. Byrd's Complaint what specific legal right was violated," and that "Plaintiff has not alleged how the IRS may be violating his civil rights under section 1983, or any other cognizable federal claim." *Id.* at 2. Judge Romero notified Mr. Byrd that a failure to file a timely objection to the Report and Recommendation could waive any objections to it.

Mr. Byrd filed an objection to the Report and Recommendation.[1] In his objection, Mr. Byrd primarily provided additional details which, he contends, support his assertion that the IRS deposited EIPs to which he is entitled in the wrong account. In response to Judge Romero's

---

[1] Judge Romero's Report and Recommendation was filed on July 28, 2021. Therein, Judge Romero advised that, within fourteen days of being served with a copy of the Report and Recommendation, any party could serve and file written objections. Mr. Byrd's objection was not filed until August 23, 2021, which is beyond the timeframe permitted for filing written objections. But an examination of the envelopes attached to Mr. Byrd's objection reveals that Mr. Byrd initially placed his objection in the mail on August 4, 2021, ECF No. 16-1, within the allotted time for filing an objection. The cause for the delay in filing his objection appears to be that Mr. Byrd initially sent his objection to the incorrect address—the United States Bankruptcy Court for the District of Utah, which is located one block away from the United States District Court for the District of Utah. When the objection was returned to Mr. Byrd as undeliverable, he promptly mailed it to the correct address. Accordingly, the evidence establishes that—at a minimum—Mr. Byrd attempted to timely object and diligently litigated this lawsuit. *See Broadus v. Corr. Corp. of Am.*, 167 F. App'x 13, 15–16 (10th Cir. 2006) (unpublished); *Teneyuque v. Jackson*, No. 1:17-cv-681, 2019 WL 1970578, at *1 (W.D. Mich. May 3, 2019). Thus, the court reviews de novo the Report and Recommendation. Indeed, even if Mr. Byrd's objection were considered untimely, the court, given the current circumstances, would not penalize Mr. Byrd by not considering his objection, and would still review the magistrate's report de novo. *See Broadus*, 167 F. App'x at 15–16 (concluding that the "interests of justice" exception to the firm waiver rule applied); *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court. . . . In contrast, the district court is accorded considerable discretion with respect to the treatment of unchallenged magistrate reports. In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." (internal citations omitted)).

conclusion that the complaint failed to adequately specify the legal right that was violated, Mr. Byrd stated that his Seventh Amendment right to trial by jury was violated.

## ANALYSIS

"[T]o state a claim in federal court, a complaint must explain what each defendant did [to the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and[] what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Although a court "must construe [a pro se litigant's] arguments liberally[,] this rule of liberal construction stops . . . at the point at which [the court] begin[s] to serve as his advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). Indeed, the court cannot "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997). Accordingly, the court concludes that, although Mr. Byrd's objection provides additional details regarding his alleged injury, he still has failed to adequately state a claim for relief and, thus, his claim must be dismissed.

In particular, Mr. Byrd has yet to adequately demonstrate that the IRS violated a specific legal right. Specifically, in his complaint, Mr. Byrd indicated that he was bringing his claim under 42 U.S.C. § 1983. ECF No. 4. However, "§ 1983 provides a remedy for deprivation of federal rights by *state* law: it is not a basis for a suit against the United States or the IRS." *Segal v. Comm'r*, 177 F. App'x 29, 30 (11th Cir. 2006) (unpublished) (emphasis in original). Accordingly, Mr. Byrd's claim against the IRS cannot stand under § 1983.

Similarly, in his objection, Mr. Byrd fails to identify a viable alternative cause of action. Rather, Mr. Byrd indicates that the Seventh Amendment supports his objection to Judge Romero's recommendation that his suit be dismissed. However, the Seventh Amendment is not implicated

unless the plaintiff has adequately presented a legally cognizable claim. *See Smith v. Rubin*, No. 97-1242, 1998 WL 99019, at *4 (10th Cir. Mar. 9, 1998) (concluding that the plaintiff's "Seventh Amendment right to a jury trial was not abridged because his complaint failed as a matter of law to present an issue for trial"); *Doherty v. Merck & Co., Inc.*, No. 1:15-cv-129-DBH, 2017 WL 3668415, at *3 (D. Me. Aug. 24, 2017) ("And where there is no cause of action, a plaintiff has no suit[] at common law and the Seventh Amendment's guarantees are not implicated." (internal quotation marks omitted)). Because the court agrees with Judge Romero that Mr. Byrd's complaint failed to identify the specific right that the IRS allegedly violated, Mr. Byrd's subsequent reliance on the Seventh Amendment is misplaced.

Finally, Mr. Byrd has not shown that he has a private right of action against the IRS under the CARES Act or the other statutes authorizing EIPs. As a result, the court refuses to create one here. *See Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1015 (2020) ("[W]e have come to appreciate that, like substantive federal law itself, private rights of action to enforce federal law must be created by Congress and raising up causes of action where a statute has not created them may be a proper function for common-law courts, but not for federal tribunals." (internal alterations and quotation marks omitted)).

Accordingly, the court ORDERS as follows:

1. Mr. Byrd's objection (ECF No. 16) is OVERRULED.
2. The Report and Recommendation (ECF No. 15) is ADOPTED IN FULL.
3. This action is DISMISSED WITHOUT PREJUDICE.

Signed October 19, 2021

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge